IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DOROTHEA B. KEITH     PLAINTIFF

VS.     CIVIL NO.06-5019

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION     DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Dorothea Keith (hereinafter "plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration terminating her childhood disability benefits under the provisions of Title XVI of the Social Security Act (hereinafter the "Act").

## Background:

The application for childhood disability benefits now before this court was filed on January 14, 1985, due to cerebral palsy. (Tr. 11). A favorable decision was entered and plaintiff was found entitled to childhood disability benefits effective January 14, 1985. Although the folder containing the file from that period was lost, a computer printout reveals that plaintiff was granted benefits. (Tr. 11, 76, 121). As part of the ongoing continuing disability review process ("CDR"), plaintiff was informed in May 2001 that her case would be reviewed. (Tr. 51-60). However, plaintiff failed to respond to this notice, failed to attend a scheduled consultative physical examination, and did not respond to any of the State Disability Determination Service's letters asking her to contact them. (Tr. 11, 76, 88). As such, her SSI benefits were terminated as of May 1, 2002, for failure to cooperate. (Tr. 87-88).

On June 21, 2002, plaintiff requested reconsideration indicating that she had been disabled since birth, had little use of her right hand, and was willing to see any of the Agency's doctors. (Tr.

93). However, plaintiff failed to attend two more consultative examinations, failed to attend her administrative hearing before a hearing officer, and never contacted the administrative unit handling her case. (Tr. 119-125). On April 17, 2003, the hearing examiner concluded that while medical improvement could not be established, an exception applied because plaintiff had failed to cooperate with the Agency. (Tr. 126-127). Accordingly, he found that plaintiff's disability did not extend beyond May 1, 2002. (Tr. 126).

On June 3, 2003, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr 130). An administrative hearing was held on November 5, 2003. Plaintiff was present but was not represented by counsel. At this time, she alleged disability since January 14, 1985, due to the residuals from a stroke she suffered as an infant, resulting in crippling of the right side of her body, "splitting" and bleeding of her feet, back pain, and an injury to her little finger. (Tr. 12).

On March 11, 2004, the ALJ issued a written decision finding that plaintiff was not disabled. On appeal, the Appeals Council remanded the case back to the ALJ for further administrative proceedings and a new decision. (Tr. 168-171). Plaintiff was sent for a second consultative examination in May 2005, and her attorney supplemented the record with treatment records from 2004. (Tr. 182-183).

A supplemental administrative hearing was held on August 9, 2005. (Tr. 219). Plaintiff was present for the hearing. At this time, plaintiff was thirty-five years old and possessed a general educational developmental degree. (Tr. 23, 126, 146). Records indicate that she has past relevant work ("PRW") experience as a quality control inspector for food preparation. (Tr. 12).

On September 1, 2005, the ALJ issued a written opinion concluding that plaintiff's disability had ceased as of May 1, 2002. (Tr. 11-23). He noted that, after being awarded benefits, plaintiff

returned to substantial gainful activity ("SGA") for a period of time. (Tr. 22). However, she had not engaged in SGA since 1996. The ALJ found her right-sided hemiparesis to be a severe impairment, but determined that it did not meet or equal in severity any of the medical listings under Appendix 1, Subpart P, Regulations No. 4. (Tr. 22). Although he could not determine whether she had experienced medical improvement, he concluded that one of the regulatory exceptions to this requirement applied, in that the prior determination of disability was in error.[1] (Tr. 22). The ALJ then found that plaintiff maintained the residual functional capacity ("RFC") to perform a significant range of sedentary work. Specifically, the ALJ concluded that plaintiff was unable to use her right arm; could only stand and/or walk for a total of one hour during an eight-hour workday; was unable to climb ladders or scaffolds; could rarely climb stairs, stoop, crouch, kneel, and crawl; and, must avoid work at unprotected heights and work near unprotected moving machinery. With the assistance of a vocational expert ("VE"), he concluded that plaintiff could still perform work that existed in significant numbers in the national economy. (Tr. 23).

On November 25, 2005, the Appeals Council declined to review this decision. (Tr. 4-5). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 7, 8).

---

[1] In cases such as this one, where the prior claim file cannot be located or reconstructed because of its age, medical improvement cannot be found. (Tr. 18). 20 C.F.R. § 416.994 (b)(2)(E). However, the Commissioner is permitted to rely on certain exceptions to the medical improvement requirement. 42 U.S.C. § 1382c(a)(4)(C); 20 C.F.R. §§ 416.994(b)(2)(E); 416.994(b)(3).

3

**Standard of Review:**

The issue before this court is whether the Commissioner's decision is supported by substantial evidence of record. "We will affirm the ALJ's findings if supported by substantial evidence on the record as a whole." *Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th Cir. 1998). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Id*. *See also Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000). "However, our review 'is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision, we also take into account whatever in the record fairly detracts from that decision.' Nevertheless, as long as there is substantial evidence in the record to support the Commissioner's decision, we will not reverse it simply because substantial evidence exists in the record that would have supported a different outcome, *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir.1995), or 'because we would have decided the case differently.'" *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001)(citations omitted).

In a continuing disability review ("CDR") case, the claimant has a continuing burden to demonstrate that she is disabled. *See Nelson v. Sullivan*, 946 F.2d 1314, 1315 (8th Cir. 1991)(*citing Mathews v. Eldridge*, 424 U.S. 319, 336 (1976)). If the claimant meets her initial responsibility, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled. *See Nelson*, 946 F.2d at 1315 (citing *Lewis v. Heckler*, 808 F.2d 1293, 1297 (8th Cir. 1987)). The general regulatory framework to determine if a claimant's disability continues is highlighted as follows: (1) whether claimant has engaged in substantial gainful activity; (2) whether claimant has an impairment or combination of impairments that meets or equals listing level severity; (3) whether there has been medical improvement; (4) if there has been medical improvement, whether it was related to claimant's

ability to do work; (5) if there has been no medical improvement or if medical improvement was not related to claimant's ability to work, whether any of the regulatory exceptions apply; (6) if there is medical improvement related to claimant's ability to do work, whether claimant's current impairments in combination are severe; (7) if claimant's current impairment(s) are severe, whether claimant can perform any past relevant work; and (8) if claimant cannot perform any past relevant work, whether claimant can perform jobs existing in significant number in the national economy after considering his or her age, education, work history, and residual functional capacity. 20 C.F.R. § 416.994(b)(5).

However, the Commissioner is permitted to rely on certain exceptions to the medical improvement requirement, even in cases where the prior file or claim cannot be located or reconstructed. 42 U.S.C. § 1382c(a)(4)(C); 20 C.F.R. §§ 416.994(b)(2)(E); 416.994(b)(3). The exceptions to the medical improvement standard are intended to provide a way of finding that a claimant is no longer disabled in those limited situations where, even though there has been no decrease in severity of the impairment(s), evidence shows that the claimant should no longer be considered disabled or never should have been considered disabled, provided that the claimant can still engage in substantial gainful activity after taking into account all current impairments. 20 C.F.R. § 416.994(b)(2)(E); 416.994(b)(3).

**Discussion:**

Of particular concern to the undersigned is the ALJ's reliance on the vocational expert's testimony that plaintiff could perform the positions of "interviewer" and call-out operator. We note that the VE failed to provide Dictionary of Occupational Title code numbers for either of these positions. In plaintiff's appeal brief, she alleges that the position of interviewer as it is defined in the DOT is classified as light work. Further, she contends that the position of call-out operator requires

5

a great deal of writing, typing, and interpersonal communication skills. Because plaintiff was found to only be capable of performing sedentary work and did not have any transferrable skills, plaintiff argues that she is not able to perform these positions.

After reviewing the DOT positions utilized by plaintiff in her brief and reviewing the possible positions that the VE could have been referring to when indicating that plaintiff could work as a interviewer, the undersigned notes that the DOT contains a number of potential "interviewer" positions, many of which require skills that do not correspond to plaintiff's educational and employment background. Further, as alleged by plaintiff, some of those positions are classified as light work, rather than sedentary work. Because we are unable to discern which "interviewer" position the VE is referring to, we are unable to say that substantial evidence supports the ALJ's conclusion that plaintiff could perform this position. Therefore, the case must be remanded to the ALJ for clarification on this issue.

In addition, we note that the position of call-out operator is a sedentary job, requiring the employee to compile "credit information, such as status of credit accounts, personal references, and bank accounts to fulfill subscribers' requests, using telephone; copy information onto form to update information for credit record on file, or for computer input; and, telephone subscribers to relay requested information or submit data obtained for typewritten reports to the subscriber." DICTIONARY OF OCCUPATIONAL TITLES § 237.367-014, *at* www.westlaw.com. This position also requires occasional fingering, handling, and reaching. We note that an ALJ cannot rely on expert testimony that conflicts with the job classifications in the DOT unless there is evidence in the record to rebut those classifications. *See Porch v. Chater,* 115 F.3d 567, 572 (8th Cir.1997). There is no such evidence in this case. Therefore, given the fact that plaintiff has only a ninth grade education with a

general educational developmental degree and has limitations regarding her ability to use her right arm for fingering, handling, and reaching, we believe that the case should be remanded to the ALJ for further development of the record concerning the positions plaintiff is capable of performing.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and therefore, recommend that the denial of benefits to the plaintiff be reversed and this matter remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this the 16th day of October 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE